## Bush *v.* Wolf.

Decided November 21, 1891.

*Judgment against county—Injunction against payment.*

> Where a judgment was recovered against a county for a valid debt evidenced by warrants duly issued, the invalidity of the judgment is not a ground for restraining the county treasurer from applying to the payment of the debt a fund raised by taxation for that purpose.

APPEAL from *Pike* Circuit Court in chancery.

Rufus D. Hearn, Judge.

On behalf of himself and others, citizens and tax-payers of Pike county, Bush brought suit against Adler, Goldman & Co. and W. M. Kizzia, treasurer of Pike county. The complaint alleges that plaintiff is a citizen and tax-payer of Pike county; that the county levying court, which met on the first Monday of October, 1888, levied a tax of one and one-half mills upon the taxable property of the county, and appropriated $1000 in currency to be paid to Adler, Goldman & Co.; that said tax was collected by the collector and paid over by him to appellee Kizzia as treasurer, who holds the same to be paid to the said Adler, Goldman & Co. on demand; that the action of the court was without authority of law and void; that Adler, Goldman & Co. had no

claim or demand against the county which had been audited and allowed by the county court, nor did they now have any such a claim or demand; that such levy and appropriation were unlawful, and were made by a court having no jurisdiction in the premises; and that, unless restrained, Adler, Goldman & Co. would demand, and the county treasurer would pay to them, said sum of $1000, so unlawfully levied and appropriated, to the great and irreparable injury and damage of appellant and the other citizens and tax-payers of the county. Prayer was for injunction against Adler, Goldman & Co., their agents, attorneys, assigns, etc., to restrain them from demanding or receiving said money. and against the county treasurer from paying it to them.

Adler, Goldman & Co. answered that the county of Pike being indebted to them in the sum of twenty-two hundred and twenty-four dollars, as evidenced by warrants duly issued by it, they had brought suit in the Texarkana division of the United States circuit court for the eastern district of Arkansas, and, upon due and proper service, had obtained judgment against said county for that sum, which they plead as an estoppel herein; that the county, through its duly authorized officers, for the purpose of avoiding the cost and expenses of yearly writs of mandamus out of said United States court, and for the purpose of relieving itself as speedily as possible from the interest running on the judgment, and to carry out an agreement by way of compromise that had been made with the original owner of the warrants sued on, had agreed with Adler, Goldman & Co. that it would without such writs of mandamus, levy a tax sufficient to pay off said judgment, from year to year; that, as they are informed and believe and allege, the sum mentioned in the complaint has been levied and collected for the purpose of carrying out the agreement and to pay off the judgment. And they say that Wolf & Brother now own the judgment and are entitled to the fund.

Kizzia entered his appearance and declined to plead, answer or demur to the complaint. A demurrer to the answer

was overruled, and the complaint was dismissed. Appellant having filed a *supersedeas* bond, the court ordered the county treasurer to retain possession of the money until the decision of this court, and ordered the substitution of Wolf & Brother for Adler, Goldman & Co., as appellees.

*A. B.* and *R. B. Williams* for appellant.

*Morris M. Cohn* for appellees.

COCKRILL, C. J. It is alleged in the appellees' answer that the county is indebted to them in the sum of $2224, evidenced by warrants duly issued by the county authorities. It is conceded upon the record that the allegations of the answer are true. That being the case, the county court did not transcend its authority in levying a tax to raise a fund to pay off the debt.

If it be conceded that the judgment for the amount of the warrants is void, the warrants themselves remain as the unimpeached evidence of the county's audited debt, and no ground is apparent upon the record for restraining the county treasurer from applying the money raised for that purpose to their payment. The decree is therefore right. The temporary restraining order is dissolved, and the decree affirmed.